IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

ESTEPHEN CASTELLON,

    **Plaintiff,**

                                            Civil Action 2:20-cv-06420
                                            Chief Judge Algenon L. Marbley
    v.                                    Magistrate Judge Elizabeth P. Deavers

GREG HINKLE., *et al.*,

    **Defendants.**

## ORDER AND
## REPORT AND RECOMMENDATION

Plaintiff, a *pro se* prison inmate, initiated this action on December 15, 2020, by seeking leave to proceed *in forma pauperis*. (ECF No. 1.) The Court granted Plaintiff's motion on December 21, 2020. (ECF No. 2.) On December 28, 2020, the Court completed its initial screening of the Complaint and directed the United States Marshal to make service of process. (ECF No. 3.) On February 8, 2021, counsel for Interested Party State of Ohio filed a notice of appearance. (ECF No. 7.)

On April 6, 2021, the summons directed to Defendant Greg Hinkle was received in the Clerk's Office and was docketed reflecting that it had been "Returned Executed (Not Effectuated related to COVID19). (ECF No. 8.) According to the returned service documents as docketed, Defendant Hinkle was served on February 8, 2021 and his answer was due on March 1, 2021. (*Id*.) When Defendant Hinkle did not file his Answer, the Court issued a show cause order on April 22, 2021. (ECF No. 9.) That Order indicated that Plaintiff was ordered to show cause why

the claims against this Defendant should not be dismissed for want of prosecution within fourteen (14) days of the date of the Order unless he has applied for an entry of default from the Clerk in the interim." (*Id.*)

In response, Interested Party State of Ohio filed a motion for leave to file an answer instanter on April 23, 2021. (ECF No. 10.) On May 7, 2021, Plaintiff filed an application for an entry of default. (ECF No. 11.) On May 12, 2021, Interested Party State of Ohio filed a response. (ECF No. 12.) On May 14, 2021, Plaintiff filed a document captioned as "Plaintiff's Declaration." (ECF No. 13.) Plaintiff has attached to this "Declaration" what appears to be a proposed amended complaint, service documents for proposed new defendants, a memorandum for injunction, a motion for default judgment and various exhibits "in support of 1983." (*Id.* at 1.) In his "Declaration," submitted under penalty of perjury, Plaintiff explains that he currently is "unable to supply a copy of the complaint and memorandum for injunction to accompany "(2) of the (3) summonses." (*Id.* at 2.) He further states that he is "also unable to send the Attorney General the Motion for Default Judgment; by regular mail and complete the Certificate of Service." (*Id.*) He requests "that the CLERK please supply these copies and if any cost's incur I will find the means to reimburse expenses upon request." (*Id.*) Finally, Plaintiff requests a copy of the docket.

The Court's docket further reflects that on May 17, 2021, summons was "returned unexecuted as to Greg Hinkle." (ECF No. 14.) The document attached to that docket entry is the service packet envelope from the United States Marshals Service marked "Return to Sender Unable to Forward" with a handwritten notation stating "No Record of this Inmate." (*Id.*) A docket entry from May 19, 2021, however, reflects that service was "returned executed as to Defendant Greg Hinkle." (ECF No. 15.) The USM-285 attached to that docket entry contains

the following handwritten notations: "02/08/2021: Served via certified mail, evidence of service/green card returned/provided to Court/scanned into PACER. 05/17/2021 – Actual envelope returned to USMS containing documents returned to USMS; unopened and mistakenly not provided to Greg Hinkle. 05/19/2021 – documents served Attorney of record/accepted service for defendant Hinkle 05/19/2021. Second USM-285 provided to Court documenting time/date of service." (*Id*.) The form further indicates that defense counsel was "served electronically via e-mail." (*Id*.)

## I.

Turning first to the matter of default, upon further review, the Undersigned concludes that, under the circumstances here, the show cause order (ECF No. 9) should not have been issued. *Dye v. Hatton*, No. 17-10183, 2018 WL 3237228, at *1 (E.D. Mich. June 5, 2018), *report and recommendation adopted*, No. 17-CV-10183, 2018 WL 3219752 (E.D. Mich. July 2, 2018). Initially, although Defendant Hinkle did not file an Answer, "the Prison Litigation Reform Act, 42 U.S.C. § 1997e(g)(1), provides that '[a]ny defendant may waive the right to reply to any action brought by a prisoner confined in any jail, prison, or other correctional facility under section 1983 of this title or any other Federal law.'" *Id.* While "[u]nder § 1997e(g)(2), the court may require a defendant to reply to a complaint," the Court did not do so here. So, Defendant Hinkle was not required to file an answer, and accordingly, entry of default and default judgment are not warranted. *Id.* Similarly, Plaintiff's complaint was not subject to dismissal for failure to prosecute. *Id.* Further, even if this were not the case, given the series of events as detailed above, the Undersigned could not conclude that Defendant Hinkle "has failed to plead or otherwise defend" within the meaning of Federal Rule of Civil Procedure 55. As a

3

result, it is **RECOMMENDED** that the Court **DENY** Plaintiff's application for entry of default and motion for default judgment. (ECF Nos. 11 and 13.)

**II.**

Turning next to Plaintiff's submission of an Amended Complaint in connection with his "Declaration," the Court will construe his filing as a motion for leave to amend. *See* Fed. R. Civ. P. 15 (a)(1), (2). Generally, pursuant to Rule 15(a), the Court should freely grant a party leave to amend his or her pleadings when justice so requires. Fed. R. Civ. P. 15(a). Rule 15(a) sets forth "a liberal policy of permitting amendments to ensure the determination of claims on their merits." *Oleson v. United States*, 27 F. App'x 566, 569 (6th Cir. 2001) (internal quotations omitted). As the United States Court of Appeals for the Sixth Circuit has noted, "[f]actors that may affect [a Rule 15(a)] determination include undue delay in filing, lack of notice to the opposing party, bad faith by the moving party, repeated failure to cure deficiencies by previous amendment, undue prejudice to the opposing party, and futility of the amendment." *Seals v. Gen. Motors Corp.*, 546 F.3d 766, 770 (6th Cir. 2008). A court may deny a motion for leave to amend for futility if the amendment could not withstand a motion to dismiss. *Riverview Health Inst. LLC v. Med. Mut. of Ohio*, 601 F.3d 505, 512 (6th Cir. 2010); *Midkiff v. Adams Cnty. Reg'l Water Dist.*, 409 F.3d 758, 767 (6th Cir. 2005). In addition, when considering the issue of prejudice, a court must ask whether allowing amendment would "require the opponent to expend significant additional resources to conduct discovery or prepare for trial" or cause considerable delay in resolving the dispute. *Phelps v. McClennan*, 30 F.3d 658, 662–63 (6th Cir. 1994).

The Prison Litigation Reform Act authorizes *sua sponte* review of any complaint in which a prisoner seeks to proceed *in forma pauperis* to determine whether the complaint, or any portion of it, should be dismissed because it is frivolous, malicious, fails to state a claim upon

which relief may be granted or seeks monetary relief from a defendant who is immune from such relief. *See* Prison Litigation Reform Act of 1995 § 804, 28 U.S.C. § 1915(e)(2)(B); § 805, 28 U.S.C. § 1915A(b). Because Plaintiff is a prisoner proceeding *pro se*, the Court must re-screen his tendered amended complaint under the PLRA regardless of whether the amendment is considered under Rule 15. *Nutt v. Seta*, No. 1:19-CV-460, 2020 WL 581837, at *1 (S.D. Ohio Feb. 6, 2020), *report and recommendation adopted*, No. 1:19-CV-460, 2020 WL 1042476 (S.D. Ohio Mar. 4, 2020).

Plaintiff's proposed Amended Complaint, like his original Complaint, alleges that he has been denied his right of access to the courts by the manner in which the Noble Correctional Institution operates its mail system. In fact, it appears that his proposed amended pleading is identical to his original complaint except to the extent it seeks to name as additional Defendants Annette Chambers-Smith, Tim Buchanan, and Craig Aufdenkampe. The Amended Complaint as tendered, however, fails to set forth any facts from which the Court plausibly can infer that any of the proposed new Defendants were personally involved in any violation of Plaintiff's constitutional rights. *See, e.g., Frazier v. Michigan*, 41 F. App'x 762, 764 (6th Cir. 2002) (providing that "a complaint must allege that the defendants were personally involved in the alleged deprivation of federal rights" to state a claim upon which relief may be granted under § 1983); *see also Gilmore v. Corr. Corp. of Am.,* 92 F. App'x 188, 190 (6th Cir. 2004) (citing *Flagg Bros. v. Brooks,* 436 U.S. 149, 155–57 (1978)) ("Merely listing names in the caption of the complaint and alleging constitutional violations in the body of the complaint is not enough to sustain recovery under § 1983."). For this reason, Plaintiff's proposed amendments would not withstand a motion to dismiss. Accordingly, it is **RECOMMENDED** that the Court **DENY** Plaintiff's filing (ECF No. 13), to the extent it is construed as a motion for leave to amend, on

grounds of futility.[1] However, it is **FURTHER RECOMMENDED** that this denial be without prejudice to Plaintiff's ability to seek additional leave to amend within 30 days of the date of any order ruling on this Report and Recommendation if he wishes to pursue claims against these Defendants. Should Plaintiff choose not to seek additional leave to amend, his original complaint will remain the operative complaint in this case.

### III.

Finally, this brings the Court to the motion for leave to file its answer instanter filed by Interested Party State of Ohio. The State makes two arguments in support of its motion. First, it argues that Defendant Hinkle has not been properly served. Further, it contends that, if the Court deems service properly effected, excusable neglect exists to support the late filing. Plaintiff has opposed this motion in the context of his motion for default judgment. Consistent with the above recommendation regarding default, the State's motion for leave to file answer (ECF No. 10) is **GRANTED.** The Clerk shall detach and file the Answer attached to the motion (ECF No. 10-1.)

### IV.

For the reasons stated above, it is **RECOMMENDED** that the Court **DENY** Plaintiff's application for entry of default and motion for default judgment (ECF Nos. 11, 13), and that the Court **DENY** Plaintiff's filing (ECF No. 13), to the extent it is construed as a motion for leave to amend, on grounds of futility. However, it is **FURTHER RECOMMENDED** that this denial be without prejudice to Plaintiff's ability to seek additional leave to amend within 30 days of the

---

[1] Because the Court is recommending that the motion for leave to amend be denied at this juncture, it need not consider Plaintiff's request for assistance with copies. However, Plaintiff is advised that an indigent prisoner's request to use court staff "as his assistant" to effect service, in order to avoid the cost or inconvenience of doing his own service, is improper. *Hammock v. Rogers*, No. 1:17-CV-1939, 2019 WL 651602, at *3 (N.D. Ohio Feb. 15, 2019) (citing *Casby v. St. Charles Parish Sheriff's Office*, No. 14-1706, 2014 U.S. Dist. LEXIS *4–5, 2014 WL 6684947 (E.D. La. 2014).

date of any order ruling on this Report and Recommendation if he wishes to pursue claims against these Defendants. The State's motion for leave to file answer (ECF No. 10) is **GRANTED.** The Clerk shall detach and file the Answer attached to the motion. (ECF No. 10-1.) Finally, the Clerk is **DIRECTED** to mail a copy of the docket to Plaintiff at his listed address.

## PROCEDURE ON OBJECTIONS

If any party seeks review by the District Judge of this Report and Recommendation, that party may, within fourteen (14) days, file and serve on all parties objections to the Report and Recommendation, specifically designating this Report and Recommendation, and the part in question, as well as the basis for objection. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Response to objections must be filed within fourteen (14) days after being served with a copy. Fed. R. Civ. P. 72(b).

The parties are specifically advised that the failure to object to the Report and Recommendation will result in a waiver of the right to *de novo* review of by the District Judge and waiver of the right to appeal the judgment of the District Court. *See, e.g.*, *Pfahler v. Nat'l Latex Prod. Co.*, 517 F.3d 816, 829 (6th Cir. 2007) (holding that "failure to object to the magistrate judge's recommendations constituted a waiver of [the defendant's] ability to appeal the district court's ruling"); *United States v. Sullivan*, 431 F.3d 976, 984 (6th Cir. 2005) (holding that defendant waived appeal of district court's denial of pretrial motion by failing to timely object to magistrate judge's report and recommendation). Even when timely objections are filed, appellate review of issues not raised in those objections is waived. *Robert v. Tesson*, 507 F.3d 981, 994 (6th Cir. 2007) ("[A] general objection to a magistrate judge's report, which fails to

7

specify the issues of contention, does not suffice to preserve an issue for appeal...." (citation omitted)).

**IT IS SO ORDERED.**

Date: May 24, 2021

/s/ *Elizabeth A. Preston Deavers*
ELIZABETH A. PRESTON DEAVERS
UNITED STATES MAGISTRATE JUDGE