IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| ESTEPHEN CASTELLON, | : |
| Plaintiff, | : |
| | : Case No. 2:20-cv-6420 |
| v. | : |
| | : Chief Judge Algenon L. Marbley |
| GREG HINKLE, *et al.*, | : |
| | : Magistrate Judge Deavers |
| Defendants. | : |

**<u>OPINION & ORDER</u>**

This matter comes before the Court on the Magistrate Judge's Report and Recommendation (ECF No. 16), Plaintiff's Objections thereto (ECF No. 19), Plaintiff's Motions to Strike (ECF Nos. 18, 22), and Plaintiff's Motion to Amend (ECF No. 21). For the reasons set forth below, Plaintiff's Objections are **OVERRULED**, and the Report and Recommendation is **ACCEPTED**. Plaintiff's Motions to Strike and Motion to Amend additionally are **DENIED**.

## I. BACKGROUND

Plaintiff Castellon, an incarcerated person proceeding *pro se*, initiated this action on December 15, 2020, by seeking leave to proceed *in forma pauperis*. (ECF No. 1). Plaintiff is incarcerated at Noble Correctional Institution ("NCI") and therefore must rely on the facility's mail system to access the courts. (ECF No. 4 at 5). He alleges that NCI's mail system interfered with his access to the courts while appealing his conviction. (*Id.*). Defendant Hinkle responded to an informal complaint filed by Plaintiff "by stating in part that the issues regarding outgoing legal mail were being researched" and urging him to send his legal mail earlier. (*Id.* at 5–6). Plaintiff escalated his grievance to no avail. (*Id.* at 6). He then filed suit in federal court, seeking damages

and an injunction requiring NCI to ship his mail within 24 hours of submission. (*Id.* at 7). Summons were issued against all Defendants, including Defendant Hinkle. (ECF No. 5).

On April 6, 2021, the summons directed to Defendant Hinkle was "Returned Executed (Not Effectuated related to COVID19)." (ECF No. 8). According to the docket entry, Defendant Hinkle was served on February 8, 2021, making his answer due on March 1, 2021. (*Id.*). When Defendant Hinkle did not file his Answer, the Court issued a show cause order on April 22, 2021. (ECF No. 9). That Order directed Plaintiff to apply for an entry of default from the Clerk, or else show cause why the claims against Defendant Hinkle should not be dismissed for want of prosecution. (*Id.*). In response, Plaintiff filed an application for an entry of default. (ECF No. 11). The State of Ohio, an Interested Party, responded in opposition. (ECF No. 12).

On May 14, 2021, Plaintiff filed a document captioned "Plaintiff's Declaration," to which he attached a proposed Amended Complaint, service documents for proposed new Defendants, a memorandum for injunctive relief, a Motion for Default Judgment, and various exhibits "in support of 1983." (ECF No. 13).

On May 24, 2021, the Magistrate Judge entered a Report and Recommendation (ECF No. 16) that this Court deny Plaintiff's Application for Entry of Default and Motion for Default Judgment (ECF Nos. 11, 13). The Magistrate Judge further recommended that the Court deny Plaintiff's Declaration (ECF No. 13), to the extent it is construed as a motion for leave to amend his Complaint, on grounds of futility. Plaintiff filed timely Objections (ECF No. 19) to the Report.

## II. STANDARD OF REVIEW

Under Federal Rule of Civil Procedure 72(b), a Magistrate Judge considering a prison petition that challenges the conditions of confinement must conduct proceedings and provide a recommended disposition to the District Judge. A party may file "specific written objections" to

2

the Magistrate Judge's Report and Recommendation, which prompt a *de novo* review by the District Judge of those portions of the Report. Fed. R. Civ. P. 72(b)(2), (3). Upon review, the District Judge determines whether to "accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate with instructions." Fed. R. Civ. P. 72(b)(3).

When the objecting party fails to raise specific issues, the Court will consider this a "general objection" to the Report and will not recognize it. *Robert v. Tesson*, 507 F.3d 981, 994 (6th Cir. 2007). Conversely, objections that quote language from the Report and highlight issues with specificity are sufficient to require review by the District Judge. *Id*. As is true generally, "*pro se* litigants are held to a lesser pleading standard than other parties." *Fed. Exp. Corp. v. Holowecki*, 552 U.S. 389, 402 (2008) (citing *Estelle v. Gamble*, 429 U.S. 97, 106 (1976) (*pro se* pleadings are "liberally construed")).

### III. LAW & ANALYSIS

#### A. Default Judgment

Federal Rule of Civil Procedure 55(a) provides that "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." At that point, the party seeking default "must apply to the court for a default judgment." Fed R. Civ. P. 55(b)(2).

The Magistrate Judge recommended that the Court deny Plaintiff's Application for Entry of Default and Motion for Default Judgment (ECF Nos. 11, 13) because Defendant Hinkle has not yet been required to answer the Complaint. (ECF No. 16 at 3). The Magistrate Judge cited the Prison Litigation Reform Act, under which "[t]he court may require any defendant to reply to a complaint brought under this section if it finds that the plaintiff has a reasonable opportunity to

prevail on the merits." 42 U.S.C. § 1997e(g)(2). The Court has not invoked that provision, which explains Defendant Hinkle's "failure" to answer.

Plaintiff objects to the Magistrate Judge's Report "to avoid the presumption of correctness in specific findings of fact." (ECF No. 19 at 1). He specifically challenges the recommended denial of default judgment: "If default cannot be granted to the Plaintiff due to his status as an incarcerated citizen then the constitutionality of 42 U.S.C. § 1997e(g)(2) is an issue in and of itself." (*Id.* at 3).

At the outset, the Court must note that § 1997e(g)(2) does not preclude default judgment from being granted to incarcerated persons. If a court invokes the statute and orders a defendant to answer, and if the defendant flouts that order, then the plaintiff would be justified in seeking default judgment for not responding to the complaint. However, the starting presumption is that defendants in such suits do not need to answer the complaint. Once a court makes the finding that the plaintiff has a reasonable opportunity to prevail on the merits, it then can require a response.

In this case, Defendant Hinkle did not file an answer, as was his right under 42 U.S.C. § 1997e(g)(1). Though the Magistrate Judge issued a show cause order concerning Defendant Hinkle's failure to answer, the Magistrate Judge now concludes that the show cause order "should not have been issued." (ECF No. 16 at 3). *See, e.g.*, *Dye v. Hatton*, 2018 WL 3237228, at *1 (E.D. Mich. June 5, 2018), *report and recommendation adopted*, 2018 WL 3219752 (E.D. Mich. July 2, 2018) ("entry of default and default judgment are not warranted" where the judge had not ordered the defendant to reply, notwithstanding an "improvidently entered" show cause order).

Plaintiff also expresses concerns about the underlying facts surrounding service in this case (ECF No. 19 at 2–3), but the only fact that matters for purposes of default judgment is whether Defendant Hinkle was ordered by this Court to respond under 42 U.S.C. § 1997e(g)(2). The docket shows he was not. Therefore, the Court **OVERRULES** Plaintiff's Objections (ECF No. 19) and

4

**ACCEPTS** the Magistrate Judge's Recommendation. Per that Recommendation, Plaintiff's Application for Entry of Default and Motion for Default Judgment (ECF Nos. 11, 13) are **DENIED**.

### B. Leave to Amend Complaint

The Magistrate Judge next concluded that Plaintiff's proposed amendments (ECF No. 13), which would add Annette Chambers-Smith, Tim Buchanan, and Craig Aufdenkampe as new Defendants, would not withstand a motion to dismiss because Plaintiff included no facts from which the Court plausibly could infer that those new Defendants were involved personally in violating Plaintiff's constitutional rights. (ECF No. 16 at 4–5). Mr. Castellon's Objections do not address this portion of the Magistrate Judge's Report. Accordingly, the Court **ADOPTS** the Magistrate Judge's Recommendation and **DENIES** Plaintiff's filing (ECF No. 13).

The Magistrate Judge further recommended "that this denial be without prejudice to Plaintiff's ability to seek additional leave to amend within 30 days of the date of any order ruling on this Report and Recommendation." (ECF No. 16 at 6). In fact, Plaintiff already has filed that Motion to Amend (ECF No. 21). However, the Motion does little more than quote the case *Doe v. Warren County* for its proposition that "[l]eave to amend a complaint shall be freely granted when justice requires." 2013 WL 684423, at *7 (S.D. Ohio Feb. 25, 2013) (citing Fed. R. Civ. P. 15(a)). Plaintiff still has not pled any specific facts to establish personal involvement by the proposed new Defendants. That failure is fatal as to his proposed amendment. *See, e.g.*, *Frazier v. Michigan*, 41 F. App'x 762, 764 (6th Cir. 2002) (a complaint under Section 1983 "must allege that the defendants were personally involved in the alleged deprivation of federal rights").

Because this amendment would be just as futile as his last, Plaintiff's Motion to Amend (ECF No. 21) also is **DENIED**. *See, e.g.*, *Com. Money Ctr., Inc. v. Ill. Union Ins. Co.*, 508 F.3d

5

327, 346 (6th Cir. 2007) (leave to amend was properly denied due to the "futility of the amendment"). Plaintiff's original Complaint (ECF No. 4) will remain the operative pleading.

### C. Motions to Strike

Lastly, Plaintiff moved to strike the State of Ohio's response in opposition to his Application for Entry of Default. (ECF Nos. 18, 22). The Court has the inherent power to control its docket, which includes the power to strike a document or a portion of a document. *Olagues v. Steinour*, 2018 WL 300377, at *1 (S.D. Ohio Jan. 4, 2018). Though motions to strike are "disfavored" when they "serve only to delay," courts may grant such motions when they "expedite" cases by "remov[ing] unnecessary clutter." *Heller Fin., Inc. v. Midwhey Powder Co.*, 883 F.2d 1286, 1293 (7th Cir. 1989). In particular, "courts have liberal discretion to strike inappropriate filings." *Sheets v. U.S. Bank, Nat'l Assoc.*, 2014 WL 5499382, at *2 (E.D. Mich. Oct. 30, 2014); *see also Jones v. Ahmed*, 2019 WL 1433853, at *1 (S.D. Ohio Mar. 31, 2019) (upholding the Magistrate Judge's decision to strike the plaintiff's second response in opposition to the defendant's motion for summary judgment because it was improperly filed).

Plaintiff's arguments in support of striking center on his disagreement with various points articulated in the State of Ohio's response. Plaintiff references the State's "erroneous claim" of insufficient service on Defendant Hinkle (ECF No. 18 at 1) and reiterates his argument that Defendant Hinkle's answer was untimely (*Id.* at 2). The proper means, however, of replying to these substantive points in the State's brief was to file a reply brief, not a motion to strike. Because there is nothing to indicate that the State's response brief was inappropriate, it will not be stricken. Plaintiff's retorts to the State's brief are noted, but his Motions to Strike (ECF Nos. 18, 22) are **DENIED**.

## IV. CONCLUSION

For the foregoing reasons, this Court **ACCEPTS** the Magistrate Judge's Report and Recommendation (ECF No. 16) and **OVERRULES** Plaintiff's Objections thereto (ECF No. 19). Per the Report and Recommendation, Plaintiff's Application for Entry of Default, Motion for Default Judgment, and Motion to Amend (ECF Nos. 11, 13) are **DENIED**. Plaintiff's subsequent Motion to Amend (ECF No. 21) and two Motions to Strike (ECF Nos. 18, 22) additionally are **DENIED**. This case will remain open, with Plaintiff's original Complaint (ECF No. 4) as the operative pleading.

**IT IS SO ORDERED.**

                                                  **ALGENON L. MARBLEY**
                                                  **CHIEF UNITED STATES DISTRICT JUDGE**

**DATED: January 31, 2022**