IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

ESTEPHEN CASTELLON,

    **Plaintiff,**

                            Civil Action 2:20-cv-06420
                            Chief Judge Algenon L. Marbley
    v.                       Magistrate Judge Elizabeth P. Deavers

GREG HINKLE, *et al.*,

    **Defendants.**

## REPORT AND RECOMMENDATION AND ORDER

    Plaintiff, a *pro se* prison inmate, initiated this action on December 15, 2020, by seeking leave to proceed *in forma pauperis*. (ECF No. 1.) Defendant Greg Hinkle has filed a motion to dismiss and Interested Party State of Ohio has filed a motion for judgment on the pleadings. (ECF Nos. 28, 29.) These motions have been fully briefed.

    In light of the issues raised by the dispositive briefing, the Undersigned finds it prudent to undertake a further *sua sponte* review of Plaintiff's Complaint. Although this action survived the initial screen pursuant to 42 U.S.C. § 1915(e) and § 1915A, "the Court has 'inherent power to reconsider interlocutory orders and reopen any part of a case before entry of a final judgment.'" *Bloodworth v. Timmerman-Cooper*, No. 2:10-CV-1122, 2012 WL 604236, at *2 (S.D. Ohio Feb. 23, 2012), *report and recommendation adopted,* No. 2:10-CV-1122, 2012 WL 3727656 (S.D. Ohio Aug. 28, 2012) (quoting *Mallory v. Eyrich,* 922 F.2d 1273, 1282 (6th Cir. 1991)). Moreover, Section § 1915(e) grants courts authority to dismiss a case *at any time* if it is frivolous or fails to state a claim upon which relief may be granted. 28 U.S.C. § 1915(e)(2)(B); *Norman v.*

*Granson*, No. 18-4232, 2020 WL 3240900, at *2 (6th Cir. Mar. 25, 2020) (emphasis added); *see also Yoder v. Stevenson*, No. CV 20-12992, 2021 WL 6973839, at *7 (E.D. Mich. Dec. 20, 2021), *report and recommendation adopted,* No. 20-12992, 2022 WL 493284 (E.D. Mich. Feb. 16, 2022) (*sua sponte* dismissing claims not addressed by dispositive motion). Accordingly, for the following reasons, the Undersigned reconsiders the initial review and **RECOMMENDS** that the Complaint be **DISMISSED** pursuant to 28 U.S.C. 1915(e) and 1915A and that the pending dispositive motions (ECF Nos. 28 and 29) be **DENIED** as moot.

## I.

Congress enacted 28 U.S.C. § 1915, the federal *in forma pauperis* statute, seeking to "lower judicial access barriers to the indigent." *Denton v. Hernandez*, 504 U.S. 25, 31 (1992). In doing so, however, "Congress recognized that 'a litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits.'" *Id*. at 31 (quoting *Neitzke v. Williams*, 490 U.S. 319, 324 (1989)). To address this concern, Congress included subsection (e)[1] as part of the statute, which provides in pertinent part:

> (2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that-
>
> \* \* \*
>
> (B) the action or appeal--
>
> (i) is frivolous or malicious;
>
> (ii) fails to state a claim on which relief may be granted; . . . .

---

[1]Formerly 28 U.S.C. § 1915(d).

28 U.S.C. § 1915(e)(2)(B)(i) & (ii); *Denton*, 504 U.S. at 31.  Thus, § 1915(e) requires *sua sponte* dismissal of an action upon the Court's determination that the action is frivolous or malicious, or upon determination that the action fails to state a claim upon which relief may be granted.

To properly state a claim upon which relief may be granted, a plaintiff must satisfy the basic federal pleading requirements set forth in Federal Rule of Civil Procedure 8(a).  *See also Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010) (applying Federal Rule of Civil Procedure 12(b)(6) standards to review under 28 U.S.C. §§ 1915A and 1915(e)(2)(B)(ii)).  Under Rule 8(a)(2), a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).  Thus, Rule 8(a) "imposes legal *and* factual demands on the authors of complaints." *16630 Southfield Ltd.*, *P'Ship v. Flagstar Bank, F.S.B.*, 727 F.3d 502, 503 (6th Cir. 2013).

Although this pleading standard does not require "'detailed factual allegations,' . . . [a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action,'" is insufficient. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).  A complaint will not "suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (quoting *Twombly*, 550 U.S. at 557).  Instead, to survive a motion to dismiss for failure to state a claim under Rule 12(b)(6), "a complaint must contain sufficient factual matter . . . to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570).  Facial plausibility is established "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*  "The plausibility of an inference depends on a host of considerations, including common sense and the strength of competing explanations for

the defendant's conduct." *Flagstar Bank*, 727 F.3d at 504 (citations omitted). Further, the Court holds *pro se* complaints "'to less stringent standards than formal pleadings drafted by lawyers.'" *Garrett v. Belmont Cnty. Sheriff's Dep't*, No. 08-3978, 2010 WL 1252923, at *2 (6th Cir. April 1, 2010) (quoting *Haines v. Kerner*, 404 U.S. 519, 520 (1972)). This lenient treatment, however, has limits; "'courts should not have to guess at the nature of the claim asserted.'" *Frengler v. Gen. Motors*, 482 F. App'x 975, 976–77 (6th Cir. 2012) (quoting *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989)).

## II.

The gist of Plaintiff's claim is that the mail system at Noble Correctional Institution ("NCI") has interfered with his right to access the courts in connection with appealing his conviction. Although not particularly well-articulated, his Complaint, construed liberally, suggests a broad challenge to NCI's mail policies. Plaintiff does not, however, identify any specific policy at issue. Rather, he alleges two instances of delayed mail processing resulting in untimely filings and adverse dispositive rulings. Further, he alleges one instance of the loss of his habeas corpus petition requiring him to re-file it. Although Plaintiff does not cite 42 U.S.C. § 1983 as the basis for his claim, the Court construes his claim as arising under that statute. He names as Defendants Lieutenant Greg Hinkle and three John or Jane Does but fails to specify whether these Defendants are being sued in their individual or official capacities. Further, Plaintiff seeks both monetary and injunctive relief.

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996). It has long been recognized that inmates

4

have a constitutional right, grounded in the First Amendment, to access the courts. *See Bounds v. Smith*, 430 U.S. 817, 821 (1977) ("It is now established beyond doubt that prisoners have a constitutional right of access to the courts"). That right is not, however, unlimited nor parallel to the right of access to the courts enjoyed by non-incarcerated citizens. Rather, prisoners have a constitutional right to access the courts only to present legal claims relating either to their convictions and sentences or to the conditions of their confinement. "Thus, a prisoner's right to access the courts extends to direct appeals, habeas corpus applications, and civil rights claims only." *Thaddeus-X v. Blatter*, 175 F.3d 378, 391 (6th Cir. 1999) (describing this right as a "carefully bounded right" and not a "generalized 'right to litigate'") (quoting *Lewis v. Casey*, 518 U.S. 343, 355 (1996)).

Because the right in question does not confer on prisoners an unfettered right to pursue all types of legal claims, in order for the right to be infringed, there must be a relationship between the actions which any particular inmate claims to be unconstitutional and that particular inmate's ability to file or pursue either a direct appeal, a collateral attack on a conviction or sentence, or a civil rights action dealing with conditions of confinement. In *Lewis v. Casey*, the Supreme Court conceived of this limitation as an issue of standing, holding that any inmate pursuing a claim under *Bounds v. Smith* "must show actual injury." 18 U.S. at 349. The Sixth Circuit has explained that a prisoner "can only achieve standing if he alleges a personal injury fairly traceable to a redressable wrong committed against him." *Thadeus-X*, 175 F.3d at 392.

Consequently, it is not enough for a plaintiff simply to claim that he was denied access to the courts, or allege that he did not have access to an adequate law library or some alternate form of legal assistance. To state a claim upon which relief may be granted, a plaintiff must allege facts sufficient to infer that a defendant's conduct had an actual impact on the plaintiff's ability

5

to pursue either an attack on his conviction or sentence, or on a civil rights action dealing with allegedly unconstitutional conditions of confinement. Because this issue is one of standing, which is a threshold issue to be addressed in any case brought in federal court, it is a plaintiff's burden to allege, in the complaint, facts from which his or her standing might reasonably be inferred. As the Supreme Court has observed, "[l]ike any other element of an access claim, the underlying cause of action and its lost remedy must be addressed by allegations in the complaint sufficient to give fair notice to a defendant." *Christopher v. Harbury*, 536 U.S. 403, 416 (2002). Further, the underlying claim must be non-frivolous. *Hadix v. Johnson*, 182 F.3d 400, 405-06 (6th Cir. 1999). The Supreme Court has held that "the underlying cause of action. . . is an element that must be described in the complaint, just as much as allegations must describe the official acts frustrating the litigation." *Harbury*, 536 U.S. at 415 (citing *Lewis*, 518 U.S. at 353 n.3).

### III.

#### A. Eleventh Amendment Immunity

As noted, Plaintiff does not identify whether he is suing Defendant Hinkle in his official or individual capacities. Construing the Complaint liberally, *see Haines*, 404 U.S. at 520, the undersigned will assume for present purposes that Plaintiff has named Defendant Hinkle in both capacities. Section 1983 imposes liability only upon a "person" who, under color of law, subjects another person to a deprivation of federal rights. 42 U.S.C. § 1983. In suits for damages, state officials acting in their official capacity are not "persons" under § 1983. *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989). That is, a suit against a state official in his official capacity is not a suit against the official but rather a suit against the official's office and as such is no different than a suit against the state itself. *Will v. Mich. Dep't of State Police*,

491 U.S. 58, 71, 109 S.Ct. 2304, 105 L.Ed.2d 45 (1989). The Eleventh Amendment bars all suits, whether for injunctive or monetary relief, against a state and its departments. *Cox v. Kentucky Dept. of Transp.,* 53 F.3d 146, 152 n. 2 (6th Cir.1995), citing *Pennhurst State Sch. & Hosp. v. Halderman,* 465 U.S. 89, 100–01, 104 S.Ct. 900, 79 L.Ed.2d 67 (1984). Further, Eleventh Amendment immunity extends to state officials sued in their official capacity. *McCormick v. Miami Univ.*, No. 1:10-cv-345, 2011 WL 1740018, at *18 (S.D. Ohio May 5, 2011). The Eleventh Amendment, therefore, bars suits for monetary damages against individuals in their official capacities. *Smith v. DeWine*, 476 F. Supp. 3d 635, 650–51 (S.D. Ohio 2020). Accordingly, any claim for money damages against Defendant Hinkle in his official capacity cannot succeed.

      The Eleventh Amendment, however, does not bar suits seeking prospective injunctive or declaratory relief against state officials for constitutional violations. *Smith v. DeWine*, 476 F. Supp. 3d at 651 (citing *Ex Parte Young*, 209 U.S. 123, 28 S.Ct. 441, 52 L.Ed. 714, 15–60 (1908)). "'The state official sued, however, must have, by virtue of the office, some connection with the alleged unconstitutional act or conduct of which the plaintiff complains.'" *Aaron v. O'Connor*, No. 1:18-cv-00599, 2020 WL 832097, at *2 (S.D. Ohio Feb. 20, 2020) (quoting *Floyd v. Cty. of Kent*, 454 F. App'x 493, 499 (6th Cir. 2012)); *see also Austin v. Kasich*, No. 2:12-CV-983, 2013 WL 1324354, at *3 (S.D. Ohio Mar. 29, 2013) ("the *Ex parte Young* fiction does not apply unless the officer sued has 'some connection with the enforcement of the act.'") (citing *Ex parte Young*, 209 U.S. at 157).

      To the extent that Plaintiff seeks injunctive relief directing that his mail be shipped within 24 hours of submission, he fails to allege any facts from which the Court could conclude that Defendant Hinkle has any responsibility relating to either NCI's mail processing or, more

7

broadly, its mail policies. *See Austin,* 2013 WL 1324354, at *5 (denying claim for injunctive relief against Governor where, *inter alia*, plaintiff had failed to allege any responsibility for the enforcement of the challenged law or policy). Stated another way, Plaintiff fails to articulate what specific act by Defendant Hinkle he seeks to enjoin as unconstitutional. *See Aaron,* 2020 WL 832097, at *2 (noting plaintiff's failure to identify what act by defendant plaintiff sought to enjoin in dismissing claim for injunctive relief). Accordingly, Plaintiff has failed to satisfy the pleading standards and any claim for injunctive relief against Defendant Hinkle would be barred by the Eleventh Amendment.

Similarly, to the extent Plaintiff's Complaint can be read as seeking injunctive relief against NCI, any such claim also would be subject to dismissal. First, Plaintiff has not named NCI as a defendant in this case. Further, NCI "is not a legal entity capable of being sued under § 1983." *Magruder v. Grafton Corr. Inst.,* No. 1:19CV1980, 2020 WL 2814352, at *4 (N.D. Ohio Apr. 1, 2020), *report and recommendation adopted,* No. 1:19 CV 1980, 2020 WL 2812847 (N.D. Ohio May 29, 2020) (finding that GCI is not a legal entity capable of being sued under § 1983; *see also Moon v. Richland Corr. Inst.*, Case No. 1:19 CV 1250, 2019 WL 2359196, at *1 (N.D. Ohio June 4, 2019) (citing *Miles v. Richland Corr. Inst.*, Case No. 1:14-CV-01648, 2015 WL 366898, at *3 (N.D. Ohio Jan. 27, 2015) (citing *Brown v. Imboden,* Case No. 1:11 CV 529, 2011 WL 3704952, at *2 (N.D. Ohio Aug. 23, 2011) ("finding that Mansfield Correctional Institution is not *sui juris* and, therefore, not capable of being sued under § 1983."))). Therefore, the claims against NCI "'are more properly construed against' the Ohio Department of Rehabilitation and Correction ("ODRC")." *Id.* (quoting *Brown,* 2011 WL 3704952, at *2). ODRC is not a "person" under § 1983. *Id.* (citing *Price v. Ohio Dept. of Rehab. and Corr.*, Case No. 2:19-cv-3442, 2019 WL 3891868, at *2 (S.D. Ohio Aug. 16, 2019) (citing *Diaz v. Dep't of*

8

*Corr.*, 703 F.3d 956, 962 (6th Cir. 2013)); *see also Parker v. Mich. Dept. of Corr.*, 65 F. App'x 922, 923 (6th Cir. 2003) ("We note, nonetheless, that the court properly found that the MDOC is not a 'person' within the meaning of 42 U.S.C. § 1983."). Additionally, ODRC is an agency of the State of Ohio, and therefore, as explained above, is immune from suit under the Eleventh Amendment regardless of the nature of the relief sought. *Magruder,* 2020 WL 2814352, at *4 (dismissing suit brought against Grafton Correctional Institution pursuant to § 1983 for injunctive and monetary relief and citing *Moon*, 2019 WL 2359196, at *1 (dismissing suit brought against Richland Correctional Institute pursuant to § 1983 for injunctive and monetary relief); *Garcia v. Lorain Cty. Court of Common Pleas*, Case No. 1:18-cv-00944, 2019 WL 1755649, at 2-4 (N.D. Ohio Apr. 19, 2019 (finding ORDC and Pickaway Correctional Institution immune from suit for declaratory relief and damages)). Accordingly, any claim for injunctive relief directed to NCI would be barred by the Eleventh Amendment.

B. **Failure to State a Claim**

Turning to Plaintiff's allegations directed to Lieutenant Hinkle in his individual capacity, Plaintiff asserts the following with respect to this Defendant:

> On 5/1/19 Lieutenant Greg Hinkle respoded (sic) to the complaint by stating in part that the issues regarding outgoing legal mail were being researched as the parcels are transferred to three different offices as part of the process, but that Castellon should manage his time better and not wait for the last minute to send legal work.

(ECF No. 4 at 6.)

> Castellon brought his grievances to NCI in all the admin options available to him….
>
> -He initiated an informal complaint on 4/27/19, that was answered by Lieutenant Greg Hinkle. Stating in part, that the process requires the package room, cashiers office and the mailroom. Also no mail is processed over the weekend. If this has caused you an issue, then I suggest you manage your time better and file your legal work in a timely manner and not until the last minute to send it.

(ECF No. 4 at 8.)

9

These allegations are insufficient to state a claim against Defendant Hinkle for any alleged denial of Plaintiff's right of access to the courts. First, responding to a grievance or otherwise participating in the grievance procedure is insufficient to trigger liability under 42 U.S.C. § 1983. *Garrison v. Pinkney*, No. 1:17 CV 1880, 2018 WL 970472, at *2 (N.D. Ohio Feb. 20, 2018) (citing *Shehee v. Luttrell*, 199 F.3d. 295, 300 (6th Cir. 1999)). Beyond this, Plaintiff's claim fails because he does not set forth any facts from which the Court plausibly can infer that Defendant Hinkle was personally involved in any violation of Plaintiff's constitutional rights. *Frazier v. Michigan*, 41 F. App'x 762, 764 (6th Cir. 2002) (providing that "a complaint must allege that the defendants were personally involved in the alleged deprivation of federal rights" to state a claim upon which relief may be granted under § 1983). "Indeed, '[e]ven a pro se prisoner must link his allegations to material facts . . . and indicate what each defendant did to violate his rights . . . '" *Nelson v. Ward*, No. CV 7:21-024-DCR, 2021 WL 1701397, at *2 (E.D. Ky. Apr. 29, 2021) (quoting *Sampson v. Garrett*, 917 F.3d 880, 882 (6th Cir. 2019) (citing *Hill v. Lappin*, 630 F.3d 468, 471 (6th Cir. 2010); *Lanman v. Hinson*, 529 F.3d 673, 684 (6th Cir. 2008)). Here, even construing the Complaint liberally, Plaintiff simply does not allege any facts suggesting that Defendant Hinkle had any involvement with the delayed processing of Plaintiff's mail or any responsibility relating to NCI's mail processing policies at all.

Plaintiff's claim also fails to the extent he may be attempting to assert a claim against Defendant Hinkle in any supervisory capacity. Respondeat superior cannot be the basis of a § 1983 claim. *Grinter v. Knight,* 532 F.3d 567, 575 (6th Cir.2008). Rather, proof of personal involvement in unconstitutional activity is required for a supervisor to acquire personal liability. *Id.* A § 1983 plaintiff must at least show that a supervisory official implicitly authorized, approved or knowingly acquiesced in the unconstitutional conduct of his subordinate. *Id.*

Again, Plaintiff fails to allege Lieutenant Hinkle's direct involvement in any constitutional violations.

For these reasons, it is **RECOMMENDED** that the Court **DISMISS** Plaintiff's claims against Defendant Hinkle in his individual capacity for failure to state a claim.

### C. John/Jane Doe Defendants[1]

In his caption, Plaintiff names three John/Jane Doe Defendants. However, Plaintiff has made no specific allegations regarding these defendants in his Complaint, and they are not referred to anywhere in the body of that pleading. "The Sixth Circuit 'has consistently held that damage claims against government officials arising from alleged violations of constitutional rights must allege, with particularity, facts that demonstrate what each defendant did to violate the asserted constitutional right.'" *Eden v. Keinath*, No. 2:22-CV-11515, 2022 WL 2812515, at *3 (E.D. Mich. July 18, 2022) (quoting *Lanman v. Hinson*, 529 F.3d 673, 684 (6th Cir. 2008)

---

[1] The Undersigned notes that Plaintiff previously filed a Declaration to which he attached "Summonses naming new Defendants" and "Complaint naming new Defendants." The purported new Defendants included Annette Chambers-Smith, Tim Buchanan, and Craig Aufdekampe. *See* ECF No. 13. The Undersigned construed this filing as Plaintiff's request for leave to amend his Complaint. *See* ECF No. 16. Upon undertaking the screening required by 28 U.S.C § 1915, the Undersigned recommended denial of the proposed amendment explaining that "[t]he Amended Complaint as tendered … fails to set forth any facts from which the Court plausibly can infer that any of the proposed new Defendants were personally involved in any violation of Plaintiff's constitutional rights." *Id*. at 5. However, the Undersigned further recommended that this denial be without prejudice to Plaintiff's ability to seek additional leave to amend within 30 days of the date of any order ruling on this Report and Recommendation if he wished to pursue claims against these proposed Defendants. Plaintiff did not wait for a ruling on the Report and Recommendation but proceeded to file a motion seeking leave to amend. *See* ECF No. 21. In this motion, Plaintiff explained that he was attempting to name ODRC by naming Annette Chambers Smith, Tim Buchanan, and Craig Aufdekampe. *Id*. This cursory motion did not contain any additional factual allegations related to these proposed Defendants nor was it accompanied by a proposed amended complaint. *Id*. Accordingly, in adopting the Report and Recommendation, the Court noted Plaintiff's continued failure to plead any specific facts to establish personal involvement by the proposed new Defendants and denied the motion for leave to amend. *See* ECF No. 23 at 5. As Plaintiff had been advised, this left his original complaint as the operative complaint in this case. *See* ECF No. 16 at 6.

11

(citing *Terrance v. Northville Reg'l Psych. Hosp.*, 286 F.3d 834, 842 (6th Cir. 2002)). "Where a person is named as a defendant without an allegation of specific conduct, the complaint is subject to dismissal, even under the liberal construction afforded to pro se complaints." *Id*. Accordingly, Plaintiff's claims against the John/Jane Doe Defendants in their individual capacities must be dismissed because Plaintiff fails to allege their personal involvement in the processing of Plaintiff's mail giving rise to the Complaint. Additionally, as explained above, Plaintiff cannot bring claims for monetary damages against the John/Jane Doe Defendants in their official capacities. Also, as noted, he has failed to identify a connection between such Defendants and any alleged unconstitutional act for purposes of any injunctive relief. For these reasons, it is **RECOMMENDED** that the Court **DISMISS** all claims against the John/Jane Doe Defendants in their individual and official capacities.

## IV.

The Undersigned further **RECOMMENDS** that leave to amend under 28 U.S.C. §§ 1915(e)(2) and 1915A(b) be **DENIED**. The Sixth Circuit has held that a district court may allow a prisoner to amend his complaint to avoid a *sua sponte* dismissal under the Prison Litigation Reform Act, 28 U.S.C. §§ 1915, *et seq.* (the "PLRA"). *Lucas v. Chalk*, 785 F. App'x 288, 291 (6th Cir. 2019) (citing *LaFountain v. Harry*, 716 F.3d 944, 951 (6th Cir. 2013) ("[W]e hold, like every other circuit to have reached the issue, that under Rule 15(a) a district court can allow a plaintiff to amend his complaint even when the complaint is subject to dismissal under the PLRA")). The Sixth Circuit also has stated that "[i]f it is at all possible that the party . . . can . . . state a claim for relief, the court should dismiss with leave to amend." *Id.* (quoting *Brown v. Matauszak*, 415 F. App'x 608, 614 (6th Cir. 2011)). With this guidance in mind, the Court already has permitted Plaintiff the opportunity to amend his complaint. Moreover, this

opportunity was granted after Plaintiff's unsuccessful attempt to amend on his own. Despite these attempted amendments, Plaintiff has failed to state a claim for relief against Defendant Hinkle or any John/Jane Doe Defendants. Accordingly, the Court finds that further amendment would be futile. *See Reed v. Aramark Food Serv.*, No. 221CV02197JTFATC, 2021 WL 3924075, at *2–3 (W.D. Tenn. Sept. 1, 2021) (citing *Gonzalez-Gonzalez v. United States*, 257 F.3d 31, 37 (1st Cir. 2001) ("If it is crystal clear that . . . amending the complaint would be futile, then a *sua sponte* dismissal may stand."); *Curley v. Perry*, 246 F.3d 1278, 1284 (10th Cir. 2001)). For these reasons, the Undersigned **RECOMMENDS** that the Court should not allow Plaintiff to amend his claims yet another time.

V.

Plaintiff filed a document captioned as a Motion for Discovery Requesting Production of Documents. (ECF No. 34.) This appears to be Plaintiff's first set of discovery requests directed to Defendants and not a motion. Discovery requests are not to be filed with the Court "until they are used in the proceeding or the court orders filing." Fed. R. Civ. P. 5(d)(1). The Court has not ordered Plaintiff to file these requests. Moreover, Plaintiff has not utilized these requests in a court proceeding. The Court therefore **STRIKES** the discovery requests (ECF No. 34) and **DIRECTS** Plaintiff to cease filing such requests until they are used in a proceeding or the Court orders otherwise. *Cf.* Fed. R. Civ. P. 5(d)(1).

VI.

For the reasons stated above, it is **RECOMMENDED** that the Court **DISMISS** Plaintiff's individual capacity claims against Defendant Hinkle and the John/Jane Doe Defendants for failure to state claim and **DISMISS WITHOUTH PREJUDICE** Plaintiff's official capacity claims pursuant to the Eleventh Amendment. It is **FURTHER**

**RECOMMENDED** that ECF Nos. 28 and 29 be **DENIED as moot.** Finally, the Court **STRIKES** Plaintiff's discovery requests (ECF No. 34) and **DIRECTS** Plaintiff to cease filing such requests until they are used in a proceeding or the Court orders otherwise.

## PROCEDURE ON OBJECTIONS

If any party seeks review by the District Judge of this Report and Recommendation, that party may, within fourteen (14) days, file and serve on all parties objections to the Report and Recommendation, specifically designating this Report and Recommendation, and the part in question, as well as the basis for objection. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Response to objections must be filed within fourteen (14) days after being served with a copy. Fed. R. Civ. P. 72(b).

The parties are specifically advised that the failure to object to the Report and Recommendation will result in a forfeiture of the right to *de novo* review of by the District Judge and forfeiture of the right to appeal the judgment of the District Court. Even when timely objections are filed, appellate review of issues not raised in those objections is forfeited. *Robert v. Tesson*, 507 F.3d 981, 994 (6th Cir. 2007) ("[A] general objection to a magistrate judge's report, which fails to specify the issues of contention, does not suffice to preserve an issue for appeal. . . ." (citation omitted)).

**IT IS SO ORDERED.**


Date: August 5, 2022                     /s/ *Elizabeth A. Preston Deavers*
                                         ELIZABETH A. PRESTON DEAVERS
                                         UNITED STATES MAGISTRATE JUDGE