UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| ESTEPHEN CASTELLON, : | |
| : | |
| Plaintiffs, : | Case No. 2:20-cv-06420 |
| : | |
| v. : | Chief Judge Algenon L. Marbley |
| : | Magistrate Judge Elizabeth P. Deavers |
| GREG HINKLE, *et al.*, : | |
| : | |
| Defendants. : | |

**OPINION AND ORDER**

This matter comes before the Court on the Magistrate Judge's August 5, 2022 Report and Recommendation (ECF No. 38) and Plaintiff's Objections thereto (ECF No. 39). The Report and Recommendation *sua sponte* recommended that Plaintiff's Complaint be **DISMISSED**. For the reasons set forth below, this Court hereby **ADOPTS** the Report and Recommendation, and the Complaint is **DISMISSED WITHOUT PREJUDICE**. Defendant Hinkle's Motion to Dismiss and Interested Party State of Ohio's Motion for Judgment on the Pleadings (ECF Nos. 28 and 29) are **DENIED AS MOOT.** Plaintiff also filed his Motion to Alter or Amend (ECF No. 26) this Court's January 31, 2022 Order (ECF No. 23) denying several of his prior-filed motions; this motion is **DENIED**.

**I.    BACKGROUND**

Plaintiff Estephen Castellon is an inmate at Noble Correctional Institution ("NCI") in Caldwell, Ohio who is proceeding *pro se* in this matter. Castellon sought leave to proceed *in forma pauperis* on December 15, 2020. According to his Complaint, filed December 28, 2020, Castellon experienced three incidents between March 2019 and April 2020 in which the delay caused by NCI personnel's processing of his outgoing mail resulted in his court filings either being untimely

or never reaching their intended destination. (ECF No. 4 at 5–6). Castellon thus alleges First Amendment claims against Defendant Greg Hinkle and John/Jane Doe Defendants pursuant to 42 U.S.C. § 1983, on the basis that NCI interfered with his right to access the courts by delaying his legal mail being submitted to various courts in various actions, including the appeal of his conviction.[1] (ECF No. 38 at 4). In addition, Plaintiff asks for injunctive relief directed to NCI that his mail be shipped within 24 hours of submission (ECF No. 4 at 7) and names three John/Jane Doe Defendants. (*Id*. at 4). Finally, Plaintiff requests compensatory and punitive damages to resolve his claims. (*Id.* at 7). Plaintiff attempted to add three additional Defendants in a motion seeking leave to amend. (ECF No. 21). Because the Court denied this motion (ECF No. 23), Plaintiff's original complaint (ECF No. 16) is the operative complaint in this case.

Although Plaintiff's complaint survived the Magistrate Judge's initial screen, the Magistrate Judge later conducted a further *sua sponte* review following dispositive briefing from the Defendants (ECF No. 38). The Magistrate Judge, reconsidering the initial review, recommended that the Complaint be dismissed pursuant to 28 U.S.C. § 1915(e) and 1915A for failing to state a plausible claim upon which relief can be granted and that the pending dispositive motions (ECF Nos. 28 and 29) be denied as moot.

The Report and Recommendation provides several bases supporting its conclusion that Plaintiff's complaint is due to be dismissed. First, the Magistrate Judge found that, although Plaintiff challenges NCI's mail policies, he does not identify a violation of his rights under the federal Constitution as required to state a claim under 42 U.S.C. § 1983. (ECF No. 38 at 4). Next, the Magistrate Judge concludes that, assuming Plaintiff has named Defendant Hinkle in his official

---

[1] Although Castellon "does not…identify any specific policy at issue" and "does not cite 42 U.S.C. § 1983 as the basis for his claim, the Court construes his claim as arising under that statute." (ECF No. 38 at 4). Castellon also failed to specify whether he sues the Defendants in their individual or official capacities, so the Court assumes he sues them in both capacities. (*Id.* at 6).

capacity, his request for monetary relief is barred by the Eleventh Amendment and his request for injunctive relief is barred by his "fail[ure] to articulate what specific act by Defendant Hinkle he seeks to enjoin as unconstitutional." (*Id.* at 7–8). Further, his claims for injunctive relief directed at NCI—despite not naming NCI as a defendant—would similarly be barred by the Eleventh Amendment. Assuming that Plaintiff's claims were directed Defendant Hinkle in his individual or supervisory capacity, the Magistrate Judge concluded that Plaintiff's allegations are insufficient to state a claim because "Plaintiff simply does not allege any facts suggesting that Defendant Hinkle had any involvement with the delayed processing of Plaintiff's mail or any responsibility relating to NCI's mail processing policies at all." (*Id.* at 10). Turning to Plaintiff's claims against the John/Jane Doe Defendants, the Magistrate Judge recommended that his claims against them be dismissed because Plaintiff made no specific allegations regarding the John/Jane Doe Defendants in his complaint. (*Id.* at 11–12). Plaintiff filed timely his Objections to the Magistrate Judge's Report and Recommendation. (ECF No. 39)

## II. STANDARD OF REVIEW

When a prisoner proceeding *in forma pauperis* "seeks redress from a governmental entity or officer or employee of a governmental entity," a court is required to review the complaint "as soon as practicable" and to dismiss it, or any portion of it, that "is frivolous or malicious; fails to state a claim on which relief may be granted; or seeks monetary relief against a defendant who is immune from such relief." 20 U.S.C. § 1915(e)(2); 28 U.S.C. § 1915A. Section 1915(e) grants courts authority to dismiss a case at any time if it is frivolous or fails to state a claim upon which relief may be granted. 28 U.S.C. § 1915(e)(2)(B).

To state properly a claim upon which relief may be granted, a plaintiff must satisfy the basic federal pleading requirements set forth in Federal Rule of Civil Procedure 8(a). *See Hill v.*

3

*Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010) (applying Federal Rule of Civil Procedure 12(b)(6) standards to review under 28 U.S.C. §§ 1915A and 1915(e)(2)(B)(ii)). Under Rule 8(a)(2), a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).

The complaint must contain enough factual content, accepted as true, to "state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 547 (2007). Facial plausibility is established "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 570. *Pro se* plaintiffs, however, are "held to a less stringent standard than formal pleadings drafted by lawyers," and their complaints must be "liberally construed." *Erickson v. Paradus*, 551 U.S. 89, 94 (2007) (internal citation omitted). Even so, "courts should not have to guess at the nature of the claim asserted." *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989).

### III. LAW AND ANALYSIS

To state a claim under 42 U.S.C. § 1983, the plaintiff must allege that "the conduct complained of was committed by a person acting under [the] color of state law," and that "this conduct deprived [plaintiff] of rights, privileges, or immunities secured by the Constitution or laws of the United States." *Graham v. Nat'l Collegiate Athletic Ass'n*, 804 F.2d 953, 957 (6th Cir. 1986). The Eleventh Amendment to the United States Constitution bars § 1983 claims for damages against a state, its agencies, and its employees sued in their official capacity unless a state has waived immunity. *Cady v. Arenac Cnty.,* 574 F.3d 334, 342 (6th Cir. 2009). As such, "[g]overnment officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of respondeat superior…[and] vicarious liability is inapplicable to . . § 1983 suits." *Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009). Instead, "a plaintiff must plead that

4

each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Id.*

Plaintiff raises the following objections to the Magistrate Judge's findings contained in her Report and Recommendation: (1) Plaintiff has indeed identified the specific policy/custom and supplied the record; (2) Plaintiff's municipal liability claim is improperly disregarded in the Report and Recommendation; (3) his individual capacity claims against John/Jane Doe Defendants are indeed viable; and (4) Plaintiff's entitlement to default judgment are improperly disregarded. This Court addresses Plaintiff's contentions in order.

First, Plaintiff argues that Defendants' alleged role in denying him access to the courts on three occasions via their delayed transmission of his mail indeed constitutes a specific NCI mail policy which violated his civil rights. Instead of raising any new facts or argument, however, Plaintiff's objection merely restates the arguments previously presented to and rejected by the Magistrate Judge. Indeed, the First and Fourteenth Amendments to the Constitution provide inmates with a right of access to the courts. *Sims v. Landrum*, 170 F. App'x 954, 956 (6th Cir. 2006). To establish whether a State has violated that right, this Court must find that the claimant has alleged an "actual injury" and that the injury was caused by "more than mere negligence by the state actor." *Id.* Here, Plaintiff has not identified any intentional misconduct on the part of the Defendant Greg Hinkle or the John/Jane Doe Defendants. Therefore, this Court overrules Plaintiff's objections on this issue.

Second, Plaintiff asserts that, contrary to the Magistrate Judge's Report and Recommendation, the Eleventh Amendment does not shield Greg Hinkle and the John/Jane Doe Defendants, in their official capacities, from § 1983 liability. (ECF No. 39). But Plaintiff does not provide further apparent argument concerning why this is so. Defendant Greg Hinkle and the

John/Jane Doe Defendants, as employees of Noble Correctional Institution, are employees of the state of Ohio; as such, the Eleventh Amendment applies to the extent they are sued in their official capacities. *See Ashraf v. Ohio Dep't of Rehab. & Correction*, No. 2:19-CV-03575, 2019 WL 3975436, at *3 (S.D. Ohio Aug. 22, 2019) (holding that "because the Eleventh Amendment prohibits this Court from entertaining a claim under 42 U.S.C. § 1983 against the State of Ohio or its agencies, Plaintiff's claims against NCI, also an arm of the state, must be dismissed for lack of subject matter jurisdiction."). And "Ohio has not waived its sovereign immunity in federal court"; therefore, "it is entitled to Eleventh Amendment immunity from suit for monetary damages." *Id.* (citing *Mixon v. State of Ohio*, 193 F.3d 389, 397 (6th Cir. 1999)). As the Magistrate Judge noted, therefore, the Eleventh Amendment immunity bars Plaintiff's monetary claims against Defendants in their official capacities. To the extent that he seeks injunctive relief from the Defendants, however, Plaintiff must establish that "[t]he state official sued…[has] come connection with the alleged unconstitutional act or conduct of which the plaintiff complains." *Aaron v. O'Connor*, No. 1:18-cv-00599, 2020 WL 832097, at *2 (S.D. Ohio Feb. 20, 2020). Plaintiff does not. This Court thus overrules Plaintiff's objections on this issue.

Third, Plaintiff challenges the Magistrate Judge's finding that his claims against the John/Jane Doe Defendants in their individual capacities must be dismissed given his "fail[ure] to allege their personal involvement in the processing of [his] mail giving rise to the Complaint." (ECF No. 38 at 12). Aside from referencing his previous attempt to amend his Complaint to name additional defendants, Plaintiff does not make further argument to support his contention. This Court finds, as the Magistrate Judge did, that this set of Plaintiff's claims are due dismissal because Plaintiff fails to allege any personal involvement or responsibility by Defendants in violation of his constitutional rights. *See Iqbal*, 556 U.S. at 679 ("[a] claim has facial plausibility

6

when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."). This Court thus overrules Plaintiff's objections on this issue.

Fourth, Plaintiff reargues that he is entitled to default judgment against Defendants. This argument improperly litigates an issue not covered in the Report and Recommendation; nonetheless, this Court addresses this argument because it also forms the basis for Plaintiff's pending Motion to Alter or Amend the Judgment (ECF No. 26) concerning this Court's January 31, 2022 Order (ECF No. 23). In both filings, Plaintiff argues that this Court's prior issuance of a summons to Defendant Hinkle rendered Hinkle obligated to reply to Plaintiff's Complaint or be found in default under 42 U.S.C. 1997e(g)(2). This is an identical argument that the one Plaintiff made in his objections (ECF No. 19) to the Magistrate Judge's May 24, 2021 Report and Recommendation (ECF No. 16). This Court already considered and rejected Plaintiff's argument in its January 31, 2022 Order. *Castellon v. Hinkle*, No. 2:20-CV-6420, 2022 WL 278163, at *2 (S.D. Ohio Jan. 31, 2022) (("the Magistrate Judge now concludes that the show cause order should not have been issued…the only fact that matters for purposes of default judgment is whether Defendant Hinkle was ordered by this Court to respond under 42 U.S.C. § 1997e(g)(2). The docket shows he was not.") (internal quotation marks omitted)). As such, Plaintiff's Motion to Alter to Amend the Judgment is **DENIED** and this Court overrules Plaintiff's objections on this issue.

## IV. CONCLUSION

For the foregoing reasons, the Report (ECF No. 38) is **ADOPTED,** and Plaintiff's Objections (ECF No. 39) are **OVERRULED**. Plaintiff's Complaint (ECF No. 4) is **DISMISSED WITHOUT PREJUDICE**. Plaintiff's Motion to Alter or Amend the Judgment (ECF No. 26) is

7

**DENIED**. Defendant Hinkle's Motion to Dismiss and Interested Party State of Ohio's Motion for Judgment on the Pleadings (ECF Nos. 28 and 29) are **DENIED AS MOOT.**

    **IT IS SO ORDERED.**

                                              **ALGENON L. MARBLEY**
                                              **UNITED STATES DISTRICT JUDGE**

**DATED:  November 14, 2022**