IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| ESTEPHEN CASTELLON, | : | |
| | : | |
| Plaintiff, | : | Case No. 2:20-cv-6420 |
| | : | |
| v. | : | Chief Judge Algenon L. Marbley |
| | : | |
| GREG HINKLE, *et al.*, | : | Magistrate Judge Elizabeth P. Deavers |
| | : | |
| Defendants. | : | |

**OPINION & ORDER**

This matter comes before this Court on Plaintiff Estephen Castellon's Motion for Relief from Judgment under Rule 60(b) of the Federal Rules of Civil Procedure. (ECF No. 44). This Court also considers Plaintiff's Motion for Leave to Appeal *in forma pauperis* (ECF No. 47). For the reasons explained below, this Court **DENIES** both Motions.

**I.      BACKGROUND**

**A.  Factual Background**

Plaintiff, proceeding *pro se*, is a prisoner at Noble Correctional Institution ("NCI") in Caldwell, Ohio. (ECF No. 4 at 5). Plaintiff's Complaint, filed December 28, 2020, brings claims under 42 U.S.C. § 1983 against Defendants Greg Hinkle and various John/Jane Doe Defendants for alleged violations of Plaintiff's First Amendment rights. (ECF No. 4 at 5–6). Specifically, Plaintiff claims that NCI's mail system interfered with his right to access the courts. (ECF No. 4 at 5–6). Plaintiff alleged that he experienced three incidents between March 2019 and April 2020 in which the delay caused by NCI's processing of his outgoing mail resulted in his court filings either being untimely or never reaching their intended destination. (*Id.*).

1

Plaintiffs' factual allegations are the following. In the first incident, Plaintiff placed two parcels in NCI's mail system on March 18, 2019. (*Id.*). One of these parcels was processed on March 20, 2019, shipped March 21, 2019, and received by its intended recipient on March 27, 2019. (*Id.*). This filing was considered untimely by one day. (*Id.*). The second parcel from this incident was processed April 5, 2019, and shipped April 9, 2019. (*Id.*). In the second incident, Plaintiff placed two parcels in NCI's mail system on April 3, 2019. (*Id.*). Both were processed on April 5, 2019, and shipped April 9, 2019. (*Id.*). These filings were considered untimely by two days. (*Id.*). In the third incident, a petition that Plaintiff placed in NCI's outgoing mail in February 2020 never reached its intended destination. (*Id.*). Plaintiff had to place another copy of the petition in the outgoing mail on April 28, 2020. (*Id.*).

Plaintiff's Complaint seeks injunctive relief against NCI that would require it to ensure that Plaintiff's mail be henceforth shipped within twenty-four hours of submission, regardless of his prison account balance. (*Id.* at 6). The Complaint also seeks compensatory and punitive damages. (*Id.*).

### B. Procedural Background

On December 15, 2020, Plaintiff sought leave to proceed *in forma pauperis* in this Court. (ECF No. 1). This Court granted leave, allowing Plaintiff to file his Complaint (ECF No. 4) on December 28, 2020.

Although Plaintiff's complaint survived the Magistrate Judge's initial screening, the Magistrate Judge later conducted a further *sua sponte* review following dispositive briefing from Defendants. (ECF No. 38). The Magistrate Judge, reconsidering the initial review, recommended that the Complaint be dismissed pursuant to 28 U.S.C. §§ 1915(e) and 1915A for failing to state a plausible claim upon which relief can be granted.

First, the Magistrate Judge found that Plaintiff failed to identify a violation of his constitutional rights caused by Defendants as required to state a claim under 42 U.S.C. § 1983. (ECF No. 38 at 4). Second, the Magistrate Judge concluded that, assuming Plaintiff named Defendant Greg Hinkle in his official capacity, his request for monetary relief was barred by the Eleventh Amendment and his request for injunctive relief was barred by his "fail[ure] to articulate what specific act by Defendant Hinkle he seeks to enjoy as unconstitutional." (*Id.* at 7–8). Further, the R&R found, his claims for injunctive relief directed at NCI—despite not naming NCI as a defendant—were likewise barred by the Eleventh Amendment. (*Id.*).

Even assuming that Plaintiff's claims were directed at Defendant Hinkle in his individual or supervisory capacity, the Magistrate Judge concluded that Plaintiff's allegations were insufficient to state a claim because "Plaintiff simply does not allege any facts suggesting that Defendant Hinkle had any involvement with the delayed processing of Plaintiff's mail or any responsibility relating to NCI's mail processing policies at all." (*Id.* at 10). Turning to Plaintiff's claims against the John/Jane Doe Defendants, the Magistrate Judge recommended that his claims against them be dismissed because Plaintiff made no specific allegations against the John/Jane Doe Defendants in his complaint. (*Id.* at 11–12).

Plaintiff filed timely Objections to the Magistrate's R&R. (ECF No. 39). On November 14, 2022, this Court issued an Order reviewing the Objections (the "Dismissal Order"). In the Dismissal Order, this Court noted that the R&R correctly resolved Plaintiff's Complaint and that Plaintiff's Objections merely relitigated the arguments that Plaintiff unsuccessfully presented to the Magistrate Judge. Ultimately, the Dismissal Order adopted the R&R and dismissed Plaintiff's Complaint without prejudice. (ECF No. 40). On December 2, 2022, Plaintiff filed a Notice of Appeal. (ECF No. 42).

3

On December 13, 2022, Plaintiff filed his Motion for Relief from Judgment. (ECF No. 44). On January 19, 2023, Plaintiff filed his Motion for Leave to Appeal *in forma pauperis*. (ECF No. 47). These motions are ripe for this Court's review.

## II.     STANDARD OF REVIEW

### A.  Motion for Relief from Judgment

Under Federal Rule of Civil Procedure 60(b), a party may move for, and the Court may grant, relief from a final judgment, order, or proceeding for any of the following six reasons: "(1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment." Fed. R. Civ. P. 60(b).

To justify relief, Plaintiffs must demonstrate either "an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *Holman v. Haskell*, 9 F.3d 107 (6th Cir. 1993). In determining whether clear error exists, the Court must consider whether "it is left with the definite and firm conviction that a mistake has been committed." *Easley v. Cromartie*, 532 U.S. 234, 242 (2001). Finally, "[t]he grant of relief under Rule 60(b) is circumscribed by public policy favoring finality of judgments and termination of litigation." *Payne v. Houk*, No. 2:18-CV-646, 2018 WL 4468246, at *1 (S.D. Ohio Sept. 18, 2018) (quoting *Tyler v. Anderson*, 749 F.3d 499, 509 (6th Cir. 2014)).

4

### B. Motion for Leave to Appeal *in Forma Pauperis*

Federal Rule of Appellate Procedure 24(a)(3) provides that a party who was permitted to proceed *in forma pauperis* in the district court action may proceed on appeal *in forma pauperis* without further authorization unless:

> (A) the district court—before or after the notice of appeal is filed—certifies that the appeal is not taken in good faith or finds that the party is not otherwise entitled to proceed *in forma pauperis* and states in writing its reasons for the certification or finding; or
> (B) a statute provides otherwise.

Fed. R. App. P. 24(a)(3).

## III. LAW & ANALYSIS

### A. Motion for Relief from Judgment

Although Plaintiff's Motion is not the model of clarity, Plaintiff appears to move for relief pursuant to Federal Rules of Civil Procedure 60(b)(1), (3), and (6). Specifically, Plaintiff argues that the Dismissal Order should be set aside because it was issued in error and in the face of the opposing party's misconduct. (ECF No. 44 at 1). This Court's supposed "error" is that this Court did not adopt Plaintiff's legal theories, instead overruling his Objections. (*Id*. at 2–4). The opposing party's "misconduct" is the same purported mail interference that Plaintiff alleged in his Complaint. (*Id*. at 2). In short, Plaintiff uses his Motion to rehash the same arguments that this Court considered and rejected in the Dismissal Order. Perhaps recognizing the limited relevance of his arguments on a Rule 60(b) motion, Plaintiff also requests that this Court permit him to supplement or amend his Complaint. (*Id*. at 10) (acknowledging that his Complaint "did not persuade nor satisfy the Courts required showing[.]").

As explained by the Sixth Circuit, "Rule 60(b) does not allow a defeated litigant a second chance to convince the court to rule in his or her favor by presenting new explanations, legal theories, or proof." *Tyler*, 749 F.3d at 509. Plaintiff's Motion does not only attempt to present new

arguments by requesting to amend his already-dismissed Complaint, but it otherwise rehashes *old* arguments that have been considered and dismissed. Although Plaintiff invokes Rule 60(b)(1), he does not point to any error in the Dismissal Order aside from his mere disagreement with its holding. Plaintiff also invokes Rule 60(b)(3) but fails to demonstrate or argue that "the adverse party committed a *deliberate* act that adversely impacted the fairness of the *relevant* legal proceeding in question." *Info-Hold, Inc. v. Sound Merch., Inc.*, 538 F.3d 448, 455 (6th Cir. 2008) (emphasis added) (alteration adopted). Even if Defendants' handling of his mail constituted the necessary misconduct, Plaintiff does not argue that this alleged mishandling impacted the proceedings in *this* case. Plaintiff does not present any other argument which convinces this Court that, under Rule 60(b)(6), there is any other reason that justifies relief from the Dismissal Order. This Court thus **DENIES** Plaintiff's Motion for Relief from Judgment. (ECF No. 44).

### B. Motion for Leave to Appeal *in Forma Pauperis*

Plaintiff next moves this Court to permit him to proceed on appeal *in forma pauperis*. As indicated in his Notice of Appeal (ECF No. 42), Plaintiff seeks to appeal the Dismissal Order. In the Dismissal Order, this Court noted that Plaintiff's Objections merely relitigated arguments that the R&R already considered and rejected. (ECF No. 40 at 4–7). In the instant Order, this Court noted that Plaintiff's Motion for Relief from Judgment again once raises the very same issues that have been considered and rejected repeatedly in this matter. *See supra* Section III.A.

This Court may deny a movant's request to proceed on appeal *in forma pauperis* without requiring further authorization if it finds that the appeal is not taken in good faith. Fed. R. App. P. 24(a)(3)(A). An appeal is not taken in good faith where it lacks an arguable basis either in law or fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

6

Plaintiff provides no explanation in either his Notice of Appeal or his Motion for Leave to Appeal *in Forma Pauperis* for why he seeks to appeal the Dismissal Order. (ECF Nos. 42, 47). If his recent motions provide any clue, however, Plaintiff's appeal of the Dismissal Order will likely rest upon arguments that have been considered and conclusively dismissed by this Court. Given this Court's finding that Plaintiff's "appeal lacks an arguable basis either in law or fact," *Collins*, 2023 WL 416008, at *1, this Court hereby certifies that the appeal is not taken in good faith. Accordingly, this Court **DENIES** Plaintiff's Motion for Leave to Appeal *in forma pauperis*. (ECF No. 47).

## IV.     CONCLUSION

For the foregoing reasons, this Court **DENIES** Plaintiff's Motion for Relief from Judgment (ECF No. 44) and Motion for Leave to Appeal *in forma pauperis* (ECF No. 47). Because reasonable jurists would not disagree with this conclusion, Plaintiff is denied a certificate of appealability. This Court therefore **CERTIFIES** to the Sixth Circuit that any appeal would be objectively frivolous and should not be permitted to proceed *in forma pauperis*.

**IT IS SO ORDERED.**

_____
**ALGENON L. MARBLEY**
**CHIEF UNITED STATES DISTRICT JUDGE**

**DATED:  August 7, 2023**